UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS, LLC, a Florida limited liability company; FLORIDA SOFTWARE SYSTEMS CORPORATION, a Delaware corporation; FLORIDA SOFTWARE SYSTEMS, INC., a Florida corporation; and, NORMAN R. DOBIESZ,

    Plaintiffs,

vs.

MARC S. SCHESSEL, PRIMROSE SOLUTIONS, LLC, a Delaware Corporation, and JOHN DOE GROUP #1

    Defendants.
_____/

CASE NO.   8:12-CV-02580-SCB-EAJ

**DEFENDANT PRIMROSE SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Defendant, PRIMROSE SOLUTIONS, LLC ("Primrose Solutions) answers the Second Amended Complaint of Plaintiffs', DEMAN DATA SYSTEMS, LLC ("DDS"), FLORIDA SOFTWARE SYSTEMS CORPORATION ("FSS"), and FLORIDA SOFTWARE SYSTEMS, INC. ("FSS Florida") (collectively, "Plaintiffs") as follows:

**Jurisdiction and Parties**

1.    Admit that Plaintiff, Deman Data System, LLC, is a limited liability company duly formed and existing in the State of Florida, otherwise denied.

2.    Without knowledge and therefore denied.

3.    Without knowledge and therefore denied.

4.    Admit only that Norman Dobiesz is an individual with an office for business located in Manatee County, Florida, otherwise denied.

5. Denied that Schessel has an office in Hillsborough County, Florida and without knowledge as to whether Schessel holds or formerly held one-third of the membership units of FSS-FL. Admit Schessel held one-third of the membership units of DDS prior to his termination of employment, but Schessel contends he still owns the one-third of the membership units of DDS. Otherwise admitted.

6. Admitted.

7. There is no good faith basis to plead the claim under the Computer Fraud and Abuse Act, therefore, denied.

8. The conduct alleged here is denied. Therefore, the allegations of paragraph 8 are denied in their entirety.

## General Allegations

**(The Proprietary Software, Confidential Information, Trade Secrets
and Legitimate Business Interests of FSS, FSS Florida, and DDS)**

9. Denied.

10. Denied.

11. Admitted that DDS has provided certain data processing services utilizing the certain software created for use in the healthcare industry (the "Software".) Admitted that DDS has purported to provide licenses to the others to utilize the Software. Otherwise denied.

12. Admitted that the Software has been modified since 2003. Admitted that the DDS utilizes the Software as part of an offering to DDS customers to address issues related to supply chain management and optimization. Otherwise denied.

13. Denied.

14. Denied.

15. Without knowledge as to the content of the DDS licenses agreements and therefore denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### (Schessel's Intentional Misconduct)

20. Denied that Schessel "joined" as an employee. Schessel joined DDS as a Founder and Owner of DDS and became employed by his company as its president. Admit that Schessel's responsibilities included sales, marketing and revenue generation. Otherwise denied.

21. Admit that Schessel executed an agreement. Otherwise denied.

22. Denied.

23. Denied.

24. Admit that Marc Schessel was President and is a Co-Owner of DDS. Otherwise denied.

25. Denied.

26. Denied.

27. Denied.

28. Admit that on or about July 30, 2012, DDS notified Schessel in writing that his employment was terminated for cause. Otherwise denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied. Contrary to the allegations made by Plaintiffs in the Second Amended Complaint, no civil theft demand as required under Florida Statutes Section 772.11 was ever served by Plaintiffs on Defendants Marc Schessel and/or Primrose.

33. Without knowledge and therefore denied.

## COUNT I - 
## COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. & 1030
### (All Defendants)

34. Defendant Primrose Solutions realleges and incorporates by reference it's responses to Paragraph Nos. 1-33 as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied

40. Denied.

41. Denied.

42. Denied.

43. Denied.

WHEREFORE, Defendant Primrose Solutions respectfully requests that this Court enter judgment in its favor, and for costs, attorneys' fees, and any such further relief as this Court deems appropriate.

## COUNT II – 
### (MISAPPROPRIATION OF TRADE SECRETS)

44. Defendant Primrose Solutions realleges and incorporates by reference it's response to Paragraph Nos. 1-33 as if fully set forth herein.

4

45. Admitted that this purports to be such an action but otherwise denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

WHEREFORE, Defendant Primrose Solutions respectfully requests that this Court enter judgment in its favor, and for costs, attorneys' fees, and any such further relief as this Court deems appropriate.

## COUNT III –
## ENFORCEMENT OF RESTRICTIVE COVENANTS -
## (TEMPORARY AND PERMANENT INJUNCTIVE RELIEVE)

53. -- 60. This Count is not brought against Defendant Primrose Solutions and, therefore, no response is required.

## COUNT IV –
## (CIVIL THEFT, § 772.11, FLORIDA STATUTES)

61. Defendant Primrose Solutions realleges and incorporates by reference it's response to Paragraph Nos. 1-33 as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Admitted that such remedies appear to be sought. Otherwise denied.

WHEREFORE, Defendant Primrose Solutions respectfully requests that this Court enter judgment in its favor, and for costs, attorneys' fees, and any such further relief as this Court deems appropriate.

## COUNT IV – <br> (TORTIOUS INTERFERENCE)

68. Defendant Primrose Solutions realleges and incorporates by reference it's responses to Paragraph Nos. 1-33 as if fully set forth herein.

69. Admit that DDS is a party to certain contracts. Otherwise, without knowledge, and therefore denied.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, Defendant Primrose Solutions respectfully requests that this Court enter judgment in its favor, and for costs, attorneys' fees, and any such further relief as this Court deems appropriate.

## COUNT VI – <br> (CIVIL CONSPIRACY)

73. Defendant Primrose Solutions realleges and incorporates by reference it's responses to Paragraph Nos. 1-33 and 69 through 72 as if fully set forth herein.

74. Denied.

75. Denied.

WHEREFORE, Defendant Primrose Solutions respectfully requests that this Court enter judgment in its favor, and for costs, attorneys' fees, and any such further relief as this Court deems appropriate.

## COUNT VII –
## (BREACH OF FIDUCIARY DUTY)

76. -- 80.     This Count is not brought against Defendant Primrose Solutions and, therefore, no response is required.

## COUNT VIII –
## (FRAUD)

81. -- 89.     This Count is not brought against Defendant Primrose Solutions and, therefore, no response is required.

## COUNT IX –
## (BREACH OF EMPLOYMENT AGREEMENTS)

83. – 92.     This Count is not brought against Defendant Primrose Solutions and, therefore, no response is required.

## COUNT X –
## (PROMISSORY NOTE)

93. – 97.     This Count is not brought against Defendant Primrose Solutions and, therefore, no response is required.

WHEREFORE, Defendant, Primrose Solutions, respectfully requests that this Court enter judgment in its favor, and for costs, attorneys' fees, and any such further relief as this Court deems appropriate

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim against Primrose Solutions upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all material times Schessel has been an owner of DDS and as owner, has the right and permission to access the DDS computers, software used on the computers and data used by DDS.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims for violations of the Computer Fraud and Abuse Act are barred by the two year statute of limitations provided for in 18 U.S.C. §1030(g) to the extent the claims are based upon alleged violations occurring more than two years before Plaintiffs filed this action.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for equitable relief are barred by laches.

**FIFTH AFFIRMATIVE DEFENSE**

DDS lacks standing to assert claims against Primrose Solutions for alleged violations of the Computer Fraud and Abuse Act for alleged access of an FSS Florida computer.

**SIXTH AFFIRMATIVE DEFENSE**

FSS Florida lacks standing to assert claims against Primrose Solutions for alleged violations of the Computer Fraud and Abuse Act for alleged access of a DDS computer.

**SEVENTH AFFIRMATIVE DEFENSE**

Primrose Solutions did not exist during most of the period in which the alleged unauthorized access is alleged to have occurred and cannot be liable for any such unauthorized access.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for violations of the Florida Trade Secret Act are barred by the three year statute of limitations provided for in Section 688.007 Florida Statutes to the extent the claim

is based upon alleged violations occurring more than three years before Plaintiffs filed this action.

## NINTH AFFIRMATIVE DEFENSE

DDS lacks standing to assert claims against Primrose Solutions for alleged misappropriations and civil theft of trade secrets of FSS or FSS Florida.

## TENTH AFFIRMATIVE DEFENSE

FSS Florida lacks standing to assert claims against Primrose Solutions for alleged misappropriations and civil theft of trade secrets of DDS or FSS.

## ELEVENTH AFFIRMATIVE DEFENSE

FSS lacks standing to assert claims against Primrose Solutions for alleged misappropriations and civil theft of trade secrets of DDS or FSS Florida.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages and the doctrine of avoidable consequences.

## THIRTEENTH AFFIRMATIVE DEFENSE

As to the claim of tortious interference, the acts of Primrose are privileged and were taken to safeguard or promote its own financial interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent there are any trade secret rights in the data enrichment process or in the Software alleged in the Second Amended Complaint, those rights belong in whole or in part to Schessel who created the process and the specifications for the Software before forming DDS.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Primrose is entitled to a set-off as set forth in the Counterclaim against any damages that may be awarded against it.

Defendant Primrose Solutions reserves the right to supplement its Answer and Affirmative Defenses with any additional affirmative defense(s) the basis for which may be revealed through discovery. Primrose Solutions also demands its attorneys' fees pursuant to the statutes sued upon by Plaintiffs.

**JURY TRIAL DEMAND**

Defendant Primrose Solutions demands a trial by jury for all issues so triable.

Dated: September 12, 2013

> By: /s/ *G. Donovan Conwell, Jr.*
> G. Donovan Conwell, Jr.
> Florida Bar No.: 0371319
> G. Wrede Kirkpatrick
> Florida Bar No. 984116
> Brent J. Gibbs
> Florida Bar No. 986348
> **CONWELL KIRKPATRICK, P.A.**
> 2701 North Rocky Point Drive, Suite 1030
> Tampa, FL 33607
> (813) 282-8000; (813) 282-8800 facsimile
> dconwell@ckbusinesslaw.com
> wkirkpatrick@ckbusinesslaw.com
> bgibbs@ckbusinesslaw.com
> *Attorneys for Defendants, Primrose Solutions, LLC and Marc Schessel*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of September, 2013, I electronically filed the foregoing using the Court's CM/ECF system which will send a Notice of Electronic Filing to the following:

| | |
|---|---|
| Gregory W. Kehoe, Esq.<br>Murray B. Silverstein, Esq.<br>Patrick A. Barthle, Esq.<br>GREENBERG TRAURIG, P.A.<br>625 East Twiggs Street Suite 100<br>Tampa, Florida 33602<br>813-318-5700<br>kehoeg@gtlaw.com<br>silversteinmb@gtlaw.com<br>barthlep@gtlaw.com | John N. Blair, Esq.<br>BLAIR & ROACH, LLP<br>2645 Sheridan Drive<br>Tonowanda, New York 14150<br>jnblair@blair-roach.com<br>*Attorneys for Plaintiffs* |

I FURTHER CERTIFY that I served via U.S. Mail a true and accurate copy of the foregoing to the following non-CM/ECF participants: None

                                                  */s/ G. Donovan Conwell, Jr.*
                                                  Attorney