UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS,
LLC, ET AL.,

      Plaintiffs,

v.                                          Case No. 8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Marc Schessel's Motion to Dismiss Counts VIII and IX. (Doc. No. 79). Plaintiffs oppose the motion. (Doc. No. 87). As explained below, the motion is granted in part and denied in part.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

On November 14, 2012, Plaintiffs Deman Data Systems, LLC ("DDS"), Florida Software Systems Corporation ("FSS"), Florida Software Systems, Inc. ("FSS-FL"), and Norman Dobiesz filed this lawsuit. They filed an amended complaint, to which Defendants filed a motion to dismiss. The Court granted the motion to dismiss in part, and thereafter, Plaintiffs filed a second amended complaint. (Doc. No. 56, 71, 75). Below is a brief description of the relevant portions of the second amended complaint. (Doc. No. 75).

### A. Plaintiffs and the Software

FSS is the owner of certain proprietary software ("Software") created for use in the healthcare industry. FSS-FL is the developer of the Software under a license from FSS, which allows FSS-FL to possess, utilize, and further license the Software to DDS. DDS is the exclusive provider of certain data services utilizing the Software, and DDS is authorized to and has granted limited, non-exclusive, non-transferable licenses to certain specifically identified healthcare facilities, hospitals, and healthcare providers throughout the United States ("DDS Customers") to utilize the Software.

Dobiesz is the CEO, chairman, and currently 100% owner of the membership units of

DDS.  Dobiesz is also the sole officer and 100% owner of FSS-FL.  FSS-FL is the Manager of DDS.

### B.  Defendants' Alleged Misconduct

Defendant Marc Schessel joined DDS and FSS-FL as an employee in 2003.  In connection with his employment, Schessel signed two employment agreements (in 2003 and 2009).  The employment agreements both provided that Schessel agreed that any invention that related to DDS's business that he, alone or with others, developed during the term of the employment agreement and for a period of one year after the termination of his employment shall be exclusively assigned to DDS.

On or around July 30, 2012, DDS terminated Schessel's employment for cause based on the following: (1) Schessel's resignation due to failure and refusal to report to work and perform the substantial duties and responsibilities of his employment; (2) failure and refusal to carry out the directions of DDS's chairman; (3) failure and refusal to follow the policies and directives established by DDS; and (4) the revelation that Schessel had been convicted of criminal acts for filing fraudulent or false tax returns.  However, prior to and after his employment was terminated, Schessel allegedly engaged in a pattern of misconduct, including: (1) accessing the DDS servers to transfer and/or delete certain confidential information; (2) contacting DDS Customers and partners to solicit their business on behalf of a company that Schessel was going to form; (3) storing confidential information that he removed from the DDS computer system and then permanently misappropriating and converting that information to his own use and for the use and benefit of the company that he was going to form; (4) forming Defendant Primrose Solutions LLC ("Primrose") on October 4, 2012 for the purpose of targeting and soliciting DDS

Customers and employees and utilizing DDS's trade secrets and confidential information; (5) actively targeting and soliciting DDS Customers; and (6) making multiple attempts, without authorization, to access and actually accessing the computer systems of DDS and obtaining confidential information. Additionally, Plaintiffs contend that Schessel withheld material information from DDS and Dobiesz regarding: (1) the termination of Schessel's prior employment because he was suspected of being involved in fraudulent activities, (2) a fraud investigation and Schessel's guilty plea, (3) his statements at his sentencing that he was the sole owner of DDS's confidential information, (4) Schessel's unpaid income tax obligations and IRS levies, and (5) a lawsuit commenced against Schessel by his former employer.

### C. Second Amended Complaint

The second amended complaint contains ten counts: (1) violation of the Computer Fraud and Abuse Act, (2) misappropriation of trade secrets, (3) enforcement of restrictive covenants, (4) civil theft, (5) tortious interference, (6) civil conspiracy, (7) breach of fiduciary duty, (8) fraud, (9) breach of the 2003 and 2009 employment agreements, and (10) failure to pay promissory notes. In response, Schessel moves to dismiss the fraud and breach of employment agreements counts.

### III. Motion to Dismiss

In the instant motion, Schessel argues that the fraud and breach of employment agreements claims fail to state a claim. Accordingly, the Court will analyze each claim.

### A. Fraud

DDS asserts a fraud claim against Schessel. In this count, Plaintiffs allege that DDS hired Schessel based on his purported reputation for honesty, integrity, and truthfulness.

However, Plaintiffs contend that Schessel intentionally misrepresented his character and professional background by failing to disclose the following: (1) the termination of Schessel's prior employment because he was suspected of being involved in fraudulent activities, (2) a fraud investigation and Schessel's guilty plea, (3) his statements at his sentencing that he was the sole owner of DDS's confidential information, (4) Schessel's unpaid income tax obligations and IRS levies, and (5) a lawsuit commenced against Schessel by his former employer. Plaintiffs contend that as a result of such misrepresentations, DDS hired Schessel, appointed him as president, and allowed him to acquire 1/3 ownership in DDS.

Schessel argues that the fraud claim must be dismissed, because it is based on his alleged failure to disclose certain information, but Plaintiffs have not alleged facts showing that Schessel had a duty to disclose such information. Plaintiffs respond that the duty to disclose this information arose when Schessel undertook the duty to disclose some information regarding his character and professional background. See Friedman v. American Guardian Warranty Services, Inc., 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003)(stating that "[w]here a party in an arm's length transaction undertakes to disclose information, all material facts must be disclosed").

The flaw in Plaintiffs' argument is that there is no context in the second amended complaint regarding when many of the events occurred that Plaintiffs contend Schessel had a duty to disclose. Stated differently, it appears that Plaintiffs contend that prior to being hired, Schessel was required to disclose the undisclosed information, but it is not clear that the following conduct—(1) the fraud investigation and Schessel's guilty plea, (2) Schessel's statements at his sentencing that he was the sole owner of DDS's confidential information, (3) Schessel's unpaid income tax obligations and IRS levies, and (4) the lawsuit commenced against

5

Schessel by his former employer—occurred prior to Schessel's employment with DDS. As such, there is no basis for finding that Schessel had a duty to disclose this information at the time that he was hired (which, presumably, is the time that he undertook to disclose the information regarding his character and professional background). As such, the fraud claim is dismissed to the extent that it is based on these four non-disclosures.

However, to the extent that the fraud claim is based Schessel's failure to disclose that his prior employment was terminated because he was suspected of being involved in fraudulent activities, the Court will allow the fraud claim to proceed. Plaintiffs allege that Schessel chose to disclose information regarding his character and professional background, and in doing so, he had a duty to disclose all relevant, material facts. If Schessel's prior employment was terminated because he was suspected of being involved in fraud and Schessel knew the reason for his termination, such information would be necessary to provide an accurate description of his character and professional background. Furthermore, Plaintiffs have alleged that based on Schessel's failure to disclose this information, DDS hired him, appointed him as president, and allowed him to acquire a 1/3 ownership of DDS. Thus, to that extent, the fraud claim is sufficiently pled and will not be dismissed.

### B. Breach of Employment Agreements

DDS asserts a breach of employment agreements claim against Schessel based on alleged breaches of the 2003 and 2009 employment agreements between Schessel and DDS. In response, Schessel sets forth three arguments for dismissal.

#### 1. Effect of the 2009 Agreement

Both agreements provide in paragraph 9.1 that Schessel agreed that any invention that

related to DDS's business that he, alone or with others, developed during "the term of this Agreement" and for a period of one year after "any" termination of his employment, shall be exclusively assigned to DDS ("the invention provision"). (Doc. No. 75, Exs. A & B). Schessel argues that there cannot be a breach of the 2003 agreement, because the 2003 agreement was superseded by the 2009 agreement. In support, Schessel points to paragraph 10 of the 2009 agreement, which states that the 2009 agreement "supersedes all prior understandings and agreements." (Doc. No. 75-2).

Plaintiffs respond that Schessel has taken the position that he did not execute the 2009 agreement and that his purported signature on it is a forgery. Because the validity of the 2009 agreement is at issue, the Court cannot conclude that the 2009 agreement supersedes the 2003 agreement. As such, the Court finds that dismissal is not appropriate on this ground.

### 2. Statute of Limitations

Next, Schessel argues that a claim for a breach of the 2003 agreement is barred by the five year statute of limitations. Specifically, Schessel argues that under paragraph 6 of the 2003 agreement, his employment terminated on January 6, 2005, and as such, this claim had to be brought by January 6, 2010.

Schessel's argument is flawed. First, paragraph 6 states that "the employment of [Schessel] hereunder shall terminate upon" the expiration of the two-year term set forth in paragraph 3. The Court interprets paragraph 6 as stating that the employment of Schessel *under the terms of the 2003 agreement* terminated on January 6, 2005. The Court does not interpret paragraph 6 to mean, nor do Plaintiffs allege, that Schessel's employment with DDS ended in 2005.

7

Second, paragraph 9.1 controls, which states that any inventions made "during the term of this Agreement and for a period of one (1) year after any termination of [Schessel's] employment, which ever shall occur last" shall be assigned to DDS. (Doc. No. 75-1). This provision is broadly written to cover inventions made from January 6, 2003 through a period ending one year after Schessel's employment was terminated. While Schessel's employment *under the terms of the 2003 agreement* terminated on January 6, 2005, *his employment with DDS* is not alleged to have terminated on that date. Instead, it is alleged that Schessel's employment was terminated in 2012. As such, the claim that Schessel breached the invention provision in the 2003 agreement is not time-barred.

### 3. Damages

Next, Schessel argues that DDS has not alleged that it suffered any damages as a result of his breaches of the 2003 and 2009 agreements. The breach of employment agreements claim is not a model of clarity, and it basically consists of two allegations: (1) that Schessel violated the invention provision of the agreements, and (2) that Schessel "failed and refused to perform the substantial and material responsibilities entrusted to him as employee and president, resulting in damages to DDS." (Doc. No. 75, p. 2).

In response to Schessel's argument that DDS has not alleged that it suffered any damages as a result of his breaches of the 2003 and 2009 agreements, Plaintiffs respond that the damages include the lost ownership in the inventions. As such, the Court concludes that the allegation that Schessel "failed and refused to perform the substantial and material responsibilities entrusted to him as employee and president, resulting in damages to DDS" is referring *only* to Schessel's failure to disclose and assign inventions to DDS. Therefore, to the extent that

Plaintiffs intended this claim to cover any other type of breach, the claim is not sufficiently pled and must be dismissed.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Schessel's Motion to Dismiss Counts VIII and IX (Doc. No. 79) is **GRANTED IN PART AND DENIED IN PART:** The motion is **GRANTED** to the extent that: (1) the fraud claim is dismissed to the extent that it is based on the failure to disclose (a) the fraud investigation and Schessel's guilty plea, (b) Schessel's statements at his sentencing that he was the sole owner of DDS's confidential information, (c) Schessel's unpaid income tax obligations and IRS levies, and (d) the lawsuit commenced against Schessel by his former employer; and (2) the breach of employment agreements claim is dismissed to the extent that it is based on any type of breach other than the failure to disclose and assign inventions.  Otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of December, 2013.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

9