UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS,
LLC, ET AL.,

    Plaintiffs,

v.                                      Case No.  8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

    Defendants.
_____

MARC S. SCHESSEL, ET AL.,

    Counter-Plaintiffs,

v.

DEMAN DATA SYSTEMS,
LLC, ET AL.,

    Counter-Defendants.
_____/

**ORDER**

       This cause comes before the Court on Defendants' Motion in Limine.  (Doc. No. 597). Plaintiffs oppose the motion.  (Doc. No. 613).  As explained below, the motion is granted.

**I.  Background**

       This case involves the breakdown of a business relationship.  The following eleven claims remain among the parties: (1) violation of the Computer Fraud and Abuse Act, (2) misappropriation of trade secrets, (3) enforcement of the Restrictive Covenants Agreement, (4) civil theft, (5) tortious interference by Defendants, (6) civil conspiracy, (7) failure to repay promissory notes, (8) breach of loyalty, (9) breach of the Operating Agreement, (10) unpaid

wages, and (11) tortious interference by DDS and FSS.

## II.  Motion in Limine

In the instant motion, Defendants seek to exclude three categories of evidence: (1) marital disputes between Schessel and his wife; (2) Schessel's guilty plea to tax evasion and a fraud investigation; and (3) a prior civil lawsuit and judgment against Schessel.  Accordingly, the Court will analyze each category of evidence.

### A.  Marital Disputes

Defendants move to exclude all evidence of, and references to, marital disputes between Schessel and his wife.  Defendants contend that such evidence is irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice.

Plaintiffs respond that the vagueness of Defendants' motion makes it "virtually impossible" to determine what Defendants are attempting to exclude.  Additionally, Plaintiffs contend that any references to marital problems within Schessel's communications with Dobiesz should not be excluded because they provide context.  The Court rejects Plaintiffs' arguments.

Evidence of, and references to, Schessel's marital problems is completely irrelevant to the issues in this case.  If such references are contained in communications that Plaintiffs want to admit into evidence, such references will be redacted out.  Accordingly, the Court grants Defendants' motion in limine on this issue.

### B. Guilty Plea and Fraud Investigation

Next, Defendants move to exclude all evidence of, and references to, Schessel's 2003 guilty plea to a charge of tax evasion, as well as a fraud investigation that occurred during that time frame.  As explained below, the Court agrees that such evidence should be excluded.

Defendants contend that because Schessel's conviction for tax evasion occurred more than ten years ago, such evidence should be excluded under Federal Rule of Evidence 609(b). Rule 609(b) provides that evidence of a conviction that is more than ten years old should be excluded, unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." The Court agrees with Defendants that the probative value of the tax evasion conviction does not outweigh the prejudicial effect of such evidence.

Defendants also seek to exclude evidence of, and references to, the fraud investigation into Donald Modzelewski and Schessel's prior employer, Continuum. Defendants contend that such evidence is irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice. The Court agrees with Defendants.

Plaintiffs attempt to argue that evidence of the tax evasion charge and fraud investigation is relevant to their unclean hands affirmative defense (Doc. No. 383, 384), but Plaintiffs do not explain the connection. Additionally, Plaintiffs contend that Schessel lied about the tax evasion and fraud investigation in a 2012 email to Dobiesz, and therefore, such evidence is relevant to show Schessel's fraudulent conduct. The Court is not persuaded by Plaintiffs' arguments, as Plaintiff's position would result in a mini-trial regarding Schessel's irrelevant past. Any possible probative value is substantially outweighed by the danger of unfair prejudice, confusing the jury, and undue delay. Accordingly, the Court grants Defendants' motion in limine on this issue.

**C.  Civil Lawsuit**

Next, Defendants move to exclude all evidence of, and references to, a civil lawsuit brought by Global Health Exchange against Schessel in 2003 for submitting fraudulent expense

reports, which resulted in a judgment against him. Defendants contend that such evidence is irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice.

Plaintiffs respond that they should be allowed to question Schessel about this lawsuit and judgment on cross-examination, because such evidence bears on Schessel's character for untruthfulness. In support of this argument, Plaintiffs cite Rule 608(b), which provides that the Court may allow such questioning on cross-examination if it is probative of Schessel's character for untruthfulness.

The Court finds that because that the alleged misconduct occurred in 2003, such is not probative of Schessel's current character for untruthfulness. As such, the Court grants Defendants' motion in limine on this issue.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion in Limine (Doc. No. 597) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of January, 2015.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record