UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS,
LLC, ET AL.,

    Plaintiffs,

v.                                                Case No.  8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

    Defendants.
_____

MARC S. SCHESSEL, ET AL.,

    Counter-Plaintiffs,

v.

DEMAN DATA SYSTEMS,
LLC, ET AL.,

    Counter-Defendants.
_____/

# ORDER

This cause comes before the Court on Plaintiffs' Motion for Sanctions for False Statements.  (Doc. No. 598).  Defendants oppose the motion.  (Doc. No. 617).  As explained below, the Court grants the motion to the extent that it agrees that monetary sanctions are warranted, but denies Plaintiffs the type of sanctions being requested.

**I.  Background**

This case involves the breakdown of a business relationship.  The following eleven claims remain among the parties: (1) violation of the Computer Fraud and Abuse Act, (2) misappropriation of trade secrets, (3) enforcement of the Restrictive Covenants Agreement, (4)

civil theft, (5) tortious interference by Defendants, (6) civil conspiracy, (7) failure to repay promissory notes, (8) breach of loyalty, (9) breach of the Operating Agreement, (10) unpaid wages, and (11) tortious interference by DDS and FSS.

## II. Motion for Sanctions

In the instant motion, Plaintiffs seek sanctions against Defendants for their lies, under oath, regarding Todd Bennett's involvement with Primrose. Specifically, Defendants made the following false statements: (1) Defendants lied in their March 2013 interrogatory responses (Doc. No. 600-16; Doc. No. 600-17); (2) Schessel lied during his June 2013 deposition (Doc. No. 600-18); and (3) Schessel relied on his perjured June 2013 deposition testimony in his opposition to Plaintiffs' motion to strike his deposition errata sheet (Doc. No. 105, p. 4). During a December 2014 evidentiary hearing, Schessel admitted that he lied about Todd Bennett's involvement, but he contends that he lied because he feared for his life. (Doc. No. 600-19).

There is no dispute that Schessel lied about Bennett's involvement with Primrose. While Defendants dispute the importance of Todd Bennett's involvement with Primrose to the merits of the claims at issue, the Court concludes that such evidence is highly relevant to several of the claims in this case. As such, sanctions against Defendants are warranted.

Plaintiffs request that the Court sanction Defendants by: (1) striking Defendants' answer and counterclaims; and (2) entering default against Defendants on Plaintiffs' claims for misappropriation of trade secrets, civil theft, tortious interference, and civil conspiracy. Alternatively, Plaintiffs request that the Court: (1) establish for purposes of this action that Defendants misappropriated and stole Plaintiffs' software, source code, and databases and used them to provide services to Defendants' customers, and (2) prohibit Defendants from

opposing Plaintiffs' misappropriation, civil theft, tortious interference, and civil conspiracy claims and from introducing any evidence to the contrary. Upon consideration, the Court finds that these types of sanctions are not warranted.

The Court loathes dishonesty in Court proceedings. However, Defendants' lies have been revealed, and Plaintiffs have not been denied evidence of Todd Bennett's involvement with Primrose. Furthermore, the Court prefers to have the claims decided on their merits. As such, the Court will award monetary sanctions, and the Court will hold a hearing after the trial in this case to determine the amount of monetary sanctions to be awarded.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Sanctions for False Statements (Doc. No. 598) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court concludes that monetary sanctions against Defendants are warranted. The motion is **DENIED** to the extent of the specific sanctions requested.

(2) The Court will set a hearing by separate order after the trial in this case to determine the amount of monetary sanctions to be awarded.

(3) The Court **DENIES AS MOOT** Plaintiffs' motion to file a reply (Doc. No. 621).

**DONE AND ORDERED** at Tampa, Florida, this 6th day of January, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record