UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS,
LLC, ET AL.,

Plaintiffs,

v. Case No. 8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

Defendants.
_______________________________

MARC S. SCHESSEL, ET AL.,

Counter-Plaintiffs,

v.

DEMAN DATA SYSTEMS,
LLC, ET AL.,

Counter-Defendants.
___________________________________/

**ORDER**

This cause comes before the Court on Plaintiffs' seven motions in limine. (Doc. No. 589, 590, 591, 592, 593, 594, 595). Defendants oppose the motions. (Doc. No. 625).

## I. Background

This case involves the breakdown of a business relationship. The following eleven claims remain among the parties: (1) violation of the Computer Fraud and Abuse Act, (2) misappropriation of trade secrets, (3) enforcement of the Restrictive Covenants Agreement, (4) civil theft, (5) tortious interference by Defendants, (6) civil conspiracy, (7) failure to repay promissory notes, (8) breach of loyalty, (9) breach of the Operating Agreement, (10) unpaid

wages, and (11) tortious interference by DDS and FSS.

**II. Motions in Limine**

Plaintiffs have filed seven motions in limine. Accordingly, the Court will address each motion.

**A. 2009 Employment Agreements (Doc. No. 589)**

Plaintiffs move to exclude evidence of, and references to, the 2009 employment agreements that were previously at issue in this case. On July 28, 2014, Plaintiffs moved to amend their complaint to drop their claims related to the 2009 agreements, because the signature pages for the 2009 agreements were copies of signature pages from Schessel's other employment agreements. (Doc. No. 395). As such, Plaintiffs contend that since the 2009 agreements are no longer at issue in this case, they are irrelevant, and any evidence of, or reference to, such agreements will confuse the jury.

Defendants respond that the 2009 agreements are relevant, because Plaintiffs relied on these agreements when they interfered with Defendants' customers, including FTI. The Court agrees that these documents are relevant to the issues in this case, and their probative value is not outweighed by the danger of unfair prejudice or confusion of the jury. Accordingly, the Court denies this motion in limine.

**B. Amendment to the Operating Agreement (Doc. No. 590)**

Next, Plaintiffs move to exclude evidence of, and references to, the purported Amendment to the Operating Agreement, which the Court found to be invalid on summary judgment. Plaintiffs argue that since the Court found the amendment to be invalid and unenforceable, it is no longer relevant to this case and its probative value is substantially

outweighed by the dangers of unfair prejudice and of confusing the jury.

Defendants respond that FSS's attempt to amend the Operating Agreement via the purported amendment is directly relevant to Schessel's breach of loyalty counterclaim that is pending against FSS. The Court agrees that the purported amendment is relevant to Schessel's counterclaim, and its probative value is not outweighed by the danger of unfair prejudice or confusion of the jury. Accordingly, the Court denies this motion in limine.

**C. Columbia/HCA Lawsuit (Doc. No. 591)**

Next, Plaintiffs move to exclude evidence of, and references to, a 1997 lawsuit that FSS filed against Columbia/HCA, during which it is alleged that one of FSS's primary witnesses forged documents and gave perjured testimony. Plaintiffs argue that such is not relevant to any of the issues in the instant case and that any probative value is substantially outweighed by the danger of unfair prejudice or confusion of the jury.

Defendants respond that the existence of the lawsuit would be relevant to the issue of why Health Trust (a company owned by HCA) does business with Primrose and will not do business with Plaintiffs. Thus, Defendants argue that if Plaintiffs make Health Trust's failure to do business with Plaintiffs an issue at trial, Defendants should be allowed to provide the existence of the 1997 lawsuit as the reason.

The Court agrees that the existence of the 1997 lawsuit would be relevant if Plaintiffs make Health Trust's failure to do business with Plaintiffs an issue at trial.[1] Otherwise, the Court agrees that the lawsuit and the allegations of forgery and perjury are completely irrelevant to the issues in this case. Thus, the Court grants in part and denies in part this motion in limine.

---

[1]However, the allegations of forgery and perjury remain excluded as irrelevant.

**D. Ties to Organized Crime (Doc. No. 592)**

Next, Plaintiffs move to exclude evidence of, and references to, Plaintiffs' and Dobiesz's alleged criminal conduct, criminal investigations, and links to organized crime. Specifically, Plaintiffs believe that Defendants may try to introduce evidence of, or make references to, their allegations that: (1) Dobiesz was indicted for mail fraud and witness tampering more than twenty years ago; (2) Dobiesz was associated with a company called Envirosure more than twenty years ago, and Envirosure was under indictment for filing false records and being linked to organized crime; (3) Dobiesz is currently linked to organized crime and has someone on DDS and/or FSS's payroll (Joe Cardinale) that is also linked to organized crime; and (4) Schessel has reported Dobiesz and his alleged ties to organized crime to the FBI, and as a result, Dobiesz is currently under investigation. Plaintiffs argue that such allegations are irrelevant to this case and that any probative value is substantially outweighed by the danger of unfair prejudice or confusion of the jury.

Defendants respond that Dobiesz's and Cardinale's link to organized crime is relevant, because Dobiesz threatened Schessel (and implicated Cardinale in the threat), which caused Schessel to fear for his life. Defendants contend that Schessel's fear for his life will explain some of his actions at issue in this case.

Additionally, Defendants contend that Dobiesz directed that Cardinale be hired and paid by FSS and DDS, and this is relevant to Schessel's breach of loyalty counterclaim against FSS. Defendants contend that Cardinale did not perform any legitimate services for DDS or FSS.

Finally, Defendants state that they do not intend to offer into evidence the FBI investigation into Dobiesz. However, Defendants contend that if Plaintiffs argue at trial that

Schessel should have reported Dobiesz to law enforcement if Dobiesz really did threaten his life, then Schessel should be permitted to explain to the jury that he has recently done so.

Upon consideration, the Court agrees that the following evidence and references should be excluded as irrelevant and unfairly prejudicial: (1) that Dobiesz was indicted for mail fraud and witness tampering more than twenty years ago; and (2) that Dobiesz was associated with a company called Envirosure more than twenty years ago, and Envirosure was under indictment for filing false records and being linked to organized crime. To this extent, the Court grants the motion in limine.

However, the Court denies Plaintiffs' motion in limine, without prejudice, to the extent that Plaintiffs seek to exclude evidence that Dobiesz is currently linked to organized crime and has someone on DDS and/or FSS's payroll (Joe Cardinale) that is also linked to organized crime. With regard to this evidence, Plaintiffs may raise an objection at trial, and the Court will reconsider the admissibility of such evidence at that time.

Finally, the Court denies Plaintiffs' motion in limine regarding the FBI investigation into Dobiesz to a limited extent. Specifically, if Plaintiffs argue at trial that Schessel should have reported Dobiesz to law enforcement if Dobiesz really did threaten his life, then Schessel is permitted to explain to the jury that he has recently done so.

**E. Expert Opinions of Ohlsson and Decker (Doc. No. 593)**

Next, Plaintiffs move to exclude the expert opinions of Anders Ohlsson and Matthew Decker that were disclosed after July 18, 2014. Specifically, Plaintiffs are referring to the expert opinions generated and used in connection with evidentiary hearings held before the magistrate judge regarding spoliation of evidence. The issue of spoliation of evidence arose after the expert

disclosure deadlines had passed.

Defendants respond that if Plaintiffs raise the issue of spoliation during the trial, then Defendants should be permitted to use the expert opinions disclosed during the evidentiary hearings that were held before the magistrate judge. The magistrate judge has not yet ruled on the spoliation issue, and the Court defers ruling on this motion in limine until the magistrate judge rules on the spoliation issue.

**F. Dobiesz's Family Members (Doc. No. 594)**

Next, Plaintiffs move to exclude evidence of, and references to, any allegations that disparage Dobiesz's family members. Schessel has asserted a counterclaim that FSS breached its duty of loyalty to him by allowing DDS to employ and pay Dobiesz's family members that did not provide equivalent value to DDS. As a result, Plaintiffs contend that the only evidence regarding Dobiesz's family members that is relevant to this case is: (1) their qualifications for employment at the time that they were hired; and (2) the value they contributed to DDS after they were hired.

Defendants respond that evidence that might be considered disparaging, such as Dobiesz's son's alleged drug and alcohol use, is directly relevant to the issue of the son's job performance. Thus, such evidence is directly relevant to the issues of whether the son should have been hired and/or continued his employment with DDS.

The Court agrees with Defendants that any evidence relevant to Dobiesz's family members' job performance is relevant to Schessel's counterclaim. To that extent, the Court denies this motion in limine.

**G. Source Code (Doc. No. 595)**

Next, Plaintiffs move to exclude evidence of, and references to, the use of source code in version 1.1.0.118 of Defendants' software application by any other unproduced versions of Defendants' application. The Court would like to hear a brief oral argument on this motion during the pretrial conference that is scheduled for January 14, 2015 at 8:30 a.m. Accordingly, the Court defers ruling on this motion until the pretrial conference.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' motion in limine regarding the 2009 employment agreements (Doc. No. 589) is **DENIED**.

(2) Plaintiffs' motion in limine regarding the Amendment to the Operating Agreement (Doc. No. 590) is **DENIED**.

(3) Plaintiffs' motion in limine regarding the 1997 lawsuit that FSS filed against Columbia/HCA (Doc. No. 591) is **GRANTED IN PART AND DENIED IN PART**.

(4) Plaintiffs' motion in limine regarding alleged criminal conduct, criminal investigations, and links to organized crime (Doc. No. 592) is **GRATED IN PART AND DENIED IN PART**.

(5) The Court **DEFERS** ruling on Plaintiffs' motion in limine regarding the expert opinions of Ohlsson and Decker (Doc. No. 593).

(6) Plaintiffs' motion in limine regarding Dobiesz's family members (Doc No. 594) is **DENIED.**

(7) The Court **DEFERS** ruling on Plaintiffs' motion in limine regarding Defendants' source code (Doc. No. 595). The Court will hear a brief oral argument on this motion during the pretrial conference.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of January, 2015.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record