UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS,
LLC, ET AL.,

      Plaintiffs,

v.                                                      Case No.  8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

      Defendants.
_____

MARC S. SCHESSEL, ET AL.,

      Counter-Plaintiffs,

v.

DEMAN DATA SYSTEMS,
LLC, ET AL.,

      Counter-Defendants.
_____/

**ORDER**

      This cause comes before the Court on Plaintiffs' Motion in Limine (Doc. No. 593) regarding the untimely disclosed expert opinions of Ohlsson and Decker.  Defendants oppose the motion.  (Doc. No. 625).  The Court addressed this motion during the January 14, 2015 pretrial conference.  As explained below, the motion is granted.

**I.  Background**

      This case involves the breakdown of a business relationship.  The following twelve claims remain among the parties: (1) violation of the Computer Fraud and Abuse Act, (2) misappropriation of trade secrets, (3) enforcement of the Restrictive Covenants Agreement, (4) civil theft, (5) tortious interference by Defendants, (6) civil conspiracy, (7) breach of paragraph 9

of the Employment Agreement (8) failure to repay promissory notes, (9) breach of loyalty, (10) breach of the Operating Agreement, (11) unpaid wages, and (12) tortious interference by DDS and FSS.

## II. Motion in Limine

Plaintiffs move to exclude the expert opinions of Anders Ohlsson and Matthew Decker that were disclosed after July 18, 2014. Specifically, Plaintiffs are referring to the expert opinions generated and used in connection with evidentiary hearings that were held before the magistrate judge regarding spoliation of evidence. The issue of spoliation of evidence arose after the expert disclosure deadlines had passed.

Defendants respond that if Plaintiffs raise the issue of spoliation during the trial, then Defendants should be permitted to use the expert opinions disclosed during the evidentiary hearings that were held before the magistrate judge.

After this motion in limine and response were filed, the magistrate judge denied Plaintiffs' motion for sanctions for spoliation of evidence. (Doc. No. 637). As such, the issue of spoliation is no longer in this case and may not be raised during the trial. Therefore, there is no reason for Defendants to use these specific expert reports during the trial, and Defendants acknowledged this fact during the pretrial conference. Accordingly, the Court grants Plaintiffs' motion in limine on this issue.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' motion in limine regarding the expert opinions of Ohlsson and Decker (Doc. No. 593) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of January, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record