UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS, LLC,
ET AL.,

    Plaintiffs,

v.                                      Case No. 8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion to Dismiss for Lack of Standing. (Doc. No. 723). As explained below, the motion is denied.

**I. Background**

This case involves the breakdown of a business relationship. At issue in this motion are two counterclaims asserted by Defendant Marc Schessel against Plaintiff Florida Software Systems, Inc. ("FSS"): (1) breach of loyalty (Count IV) and (2) breach of paragraph 4.5 of the 2003 Operating Agreement (Count VII).

Plaintiff Deman Data Systems, LLC ("DDS") was created in January of 2003. According to an Operating Agreement dated January 2, 2003 (Doc. No. 419-3), there were three equal members of DDS: FSS, Schessel, and IHC Investments, Ltd. ("IHC"). Additionally, according to the Operating Agreement, the managing member of DDS was FSS.

In Count IV, Schessel asserts a breach of loyalty counterclaim, pursuant to Florida Statute § 608.4225, against FSS (as the managing member of DDS). Specifically, Schessel alleges that FSS breached its duty of loyalty by: (1) taking money and profits that DDS owed to Schessel and diverting it to Dobiesz; (2) causing DDS to employ Dobiesz's family members (his

wife and son) and paying them more than the value of their services; (3) causing DDS to enter into contracts with entities owned directly or indirectly by Dobiesz and paying those entities money without receiving reasonably equivalent value in return; (4) failing to act in good faith and to deal fairly with Schessel; and (5) purporting to amend the Operating Agreement without Schessel's consent and then expelling Schessel as an owner without a legal basis to do so.

In Count VII, Schessel asserts a counterclaim against FSS for breach of paragraph 4.5 of the 2003 Operating Agreement.  Paragraph 4.5 provides the standards for FSS's management of DDS:

> The Manager [FSS] shall perform . . . its duties in good faith, in a manner . . . it reasonably believes to be in the best interest of [DDS] and with such care as an ordinary prudent person in a similar position would use under similar circumstances. . . . The Manager shall not be liable to . . . any Member for any loss or damage sustained by . . . any Member, unless the loss or damage shall have been the result of the gross negligence or willful misconduct of such Manager.

(Doc. No. 419-3, p. 4).  Schessel alleges that FSS breached this provision by failing to manage DDS's money in good faith and with such care as an ordinary prudent person in a similar position would use under similar circumstances.

## II.  Motion to Dismiss for Lack of Standing

In the instant motion, Plaintiffs allege that the above-described counterclaims must be dismissed, because Schessel lacks standing to pursue them.  Specifically, Plaintiffs argue that these are derivative claims that Schessel cannot pursue individually.  In support of this contention, Plaintiff cites to a recent Florida case, <u>Dinuro Investments, LLC v. Camacho</u>, 141 So. 3d 731 (Fla. 3d DCA 2014).

In <u>Dinuro</u>, the Court articulated the test for determining whether a claim against another

member was direct (and could be pursued by the individual member) or derivative (and must be pursued on behalf of the limited liability company). See id. at 738-40. The Dinuro court stated that in order for a member to directly bring a claim, the plaintiff-member must show that the plaintiff-member suffered a direct harm and a special injury. See id. at 739-40. However, the Dinuro court recognized an exception to the direct harm and special injury requirements—a member of a limited liability company can bring a direct claim against another member when the defendant-member or manager owes a specific statutory or contractual duty to the plaintiff-member. See id. at 740.

In the instant case, both of the counterclaims at issue are based on a specific statutory duty and contractual obligation imposed on FSS for the benefit of Schessel. Specifically, Florida Statute § 608.4225 provides that each manager (i.e., FSS) shall owe a duty of loyalty and a duty of care to all of the members of the limited liability company (which includes Schessel). Thus, FSS owes a specific statutory duty to Schessel that can support his direct counterclaim for breach of loyalty.

Additionally, the Operating Agreement provides that "[FSS] shall not be liable to . . . any Member for any loss or damage sustained by . . . any Member, unless the loss or damage shall have been the result of . . . willful misconduct of [FSS]." (Doc. No. 419-3, p. 4). As such, the Operating Agreement imposes a duty on FSS not to engage in willful misconduct; otherwise, a member (such as Schessel) may pursue a direct action against FSS.

Accordingly, because FSS owes a owes a specific statutory duty to Schessel, as well as a contractual duty not to engage in willful misconduct that can be enforced by Schessel, the Court concludes that Schessel can bring the challenged counterclaims directly against FSS. As such,

Schessel has standing to pursue these counterclaims, and the Court rejects Plaintiffs' argument that these counterclaims must be dismissed.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion to Dismiss for Lack of Standing (Doc. No. 723) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of April, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record