UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS, LLC,
ET AL.,

        Plaintiffs,

v.                                        Case No.  8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

        Defendants.

_____/

## ORDER

This cause comes before the Court on Defendants' Motion for Reconsideration (Doc. No. 810) of this Court's Order denying their Motion to Enforce the Non-Disparagement Provision of the Settlement Agreement (Doc. No. 805).  As explained below, the motion for reconsideration is denied.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that  reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).  Defendants argue that their motion is based on the need to correct clear error or to prevent manifest injustice. The Court finds that reconsideration is not warranted.

Defendants filed their motion to enforce the non-disparagement provision of the settlement agreement with respect to Plaintiffs' counterclaim against Todd Bennett in a lawsuit filed by Todd Bennett.  The Court concluded that the litigation privilege protected Plaintiffs' statements about Defendants in their court pleadings.  Defendants move for reconsideration,

arguing that even though Plaintiffs cannot be held liable for damages for statements made in the court pleadings, they should still be prevented from making such statements.  The Court is not persuaded by this argument.

Next, Defendants argue that Plaintiffs have been sending disparaging letters to third parties.  As evidence of this conduct, Defendants attach a letter that Plaintiffs' counsel sent to FTI Consulting as Exhibit B to their motion for reconsideration.  However, the letter does not contain any disparaging statements.  The letter merely requests that FTI Consulting preserve all documents relating to Plaintiffs' counterclaim against Todd Bennett, including documents relating to Primrose.  While the letter refers to the counterclaim, the letter itself does not contain disparaging statements.  As such, this letter is not a basis for reconsideration.

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion for Reconsideration (Doc. No. 810) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of April, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record