UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS, LLC,
ET AL.,

    Plaintiffs,

v.                                    Case No. 8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court on Plaintiffs' Emergency Motion (Doc. No. 862), which Defendants oppose (Doc. No. 866). The Court, however, does not view the motion as an "emergency." As explained below, the motion is granted in part and denied in part.

**I. Background**

    On April 13, 2015, after several days of trial, the parties entered into a settlement agreement wherein the Court agreed to retain jurisdiction for two years.[1] The settlement agreement provided for a specific dispute resolution process/protocol relating to disputes that might arise during those two years relating to the settlement agreement. On July 15, 2015, pursuant to the dispute resolution protocol, Plaintiffs sent Defendants a letter notifying them of alleged breaches of the settlement agreement. Unable to resolve the disputes, the parties requested a mediation of their disputes with Magistrate Judge Porcelli. When the mediation impassed, this Court held an evidentiary hearing on November 21, December 6, and December 15, 2016. Following the hearings, the Court entered an order adjudicating the parties' disputes.

---

[1] The Court retained jurisdiction over disputes related to the settlement agreement through April 13, 2017. (Doc. No. 804).

In the Order, the Court found, among other things, that Plaintiffs' act of hiring the parties' escrow agent (John Jorgensen) as their expert following the settlement of the case created a conflict such that John Jorgensen could not be forced to continue as the escrow agent, and Defendants were unable to comply with their obligations under Section 7(b)(1) of the settlement agreement to turn over certain data to the escrow agent because there was no escrow agent. The Court gave the parties three options regarding the escrow provision of the settlement agreement, and the parties have now chosen Option 3, even though the Court stated in its order that Option 3 did not seem practical because the two-year term of escrow provided in the settlement agreement would expire in three months. Option 3 provides the following:

> Defendants can identify and select a new escrow agent that meets with Plaintiffs' approval. The reasonable costs of identification and selection of the escrow agent to be borne by Plaintiffs, the party that created the problem. Thereafter, the parties will both equally share the escrow costs.

(Doc. No. S-853). The Court also stated the following: "no later than 7 days after an escrow agent has been selected and an escrow agreement has been executed, Defendants must turn over all materials that must be escrowed under the settlement agreement." (Doc. No. S-853). The parties agreed on a new escrow agent but are not able to agree on the terms of an escrow agreement, and the instant motion followed.

## II.  Plaintiffs' Emergency Motion

In their emergency motion, Plaintiffs seek clarification of the Court's January 10, 2017 order, as well as a 30-day enlargement of the Court's retention of jurisdiction. Accordingly, the Court will address both requests.

**A. Clarification**

After the evidentiary hearing, the parties originally selected Matthew Decker as their escrow agent, but they could not agree on the terms of the escrow agreement. As a result, the parties selected a replacement escrow agent, but again, they disagree as to the material terms of the escrow agreement as it relates to the scope of what Defendants are obligated to turn over and Plaintiffs' right to inspect the escrowed materials. Specifically, the parties dispute whether all of the materials required to be escrowed are necessarily contained on the external hard drive and whether Plaintiffs have the right to inspect the escrowed materials to ensure that all of the required materials have been turned over.

It appears that the major dispute revolves around whether Plaintiffs have the right to inspect the escrowed materials. Plaintiffs base this perceived right of inspection on the original escrow agreement entered into by the parties and Jorgensen during the course of the litigation, to which the settlement agreement refers. Specifically, Section 7(b)(1) of the settlement agreement states that the materials deposited with the escrow agent are "subject to the terms, conditions and provisions of the Escrow Agreement established under the Action." (Doc No. S-770).

The parties agree that the "Escrow Agreement" referred to in the settlement agreement is the parties' Escrow Agreement with Jorgensen. (Doc. No. 862-1). However, Defendants point out that Plaintiffs urged the Court during the evidentiary hearing to conclude that the Jorgensen Escrow Agreement had terminated. Therefore, Defendants contend that they cannot be bound by the terms of the Jorgensen Escrow Agreement. Defendants further argue that the Court implied that the terms of the Jorgensen Escrow Agreement did not survive when the Court directed the parties to agree to and execute a new escrow agreement.

3

The Court agrees with Defendants that with the exit of Jorgensen as the escrow agent, the Jorgensen Escrow Agreement cannot be enforced and that is why the Court contemplated that a new escrow agreement would need to be executed. This Court will not create an escrow agreement for the parties, although the Court anticipated, apparently wrongly, the parties would enter into an escrow agreement substantially similar to the Jorgensen Escrow Agreement. The Jorgensen Escrow Agreement did provide a protocol for the review of materials deposited with the escrow agent. (Doc. 862-1, ¶ 4). Until an escrow agreement is in place, Defendants will be relieved of the obligation to escrow the required materials. Accordingly, Plaintiffs' motion to clarify the Court's January 10, 2017 order is granted in part and denied in part.

### B. Enlargement of Time

Next, Plaintiffs seek a 30-day enlargement of the Court's retention of jurisdiction in order to provide the parties with more time to agree to and execute an escrow agreement, to allow Plaintiffs sufficient time to review the escrowed materials, and to allow Plaintiffs time to seek Court intervention if necessary. Defendants object to any extension. The ADR period agreed to by the parties in the settlement agreement was from April 14, 2015 to April 13, 2017. Without an agreement by both parties, the Court is unwilling to enlarge the ADR time frame or its retention of jurisdiction, which will expire on April 13, 2017.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Emergency Motion (Doc. No. 862) is **Granted in Part and Denied in part.**

**DONE AND ORDERED** at Tampa, Florida, this 29th day of March, 2017.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge