UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS, LLC,
ET AL.,

    Plaintiffs,

v.                                                Case No. 8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Non-Party Todd Bennett's Motion to Unseal Order. (Doc. No. 867). While Defendants do not oppose the motion, Plaintiffs have filed a response in opposition (Doc. No. 875). As explained below, Bennett's motion is granted.

**I. Background**

On April 13, 2015, after several days of trial, Plaintiffs and Defendants entered into a settlement agreement wherein the Court agreed to retain jurisdiction for two years.[1] (Doc. No. S-770). The settlement agreement provided for a specific dispute resolution process/protocol relating to disputes that might arise during those two years relating to the settlement agreement. On July 15, 2015, pursuant to the dispute resolution protocol, Plaintiffs sent Defendants a letter notifying them of alleged breaches of the settlement agreement. Unable to resolve the disputes, the parties requested a mediation of their disputes with Magistrate Judge Porcelli. When the mediation impassed, this Court held an evidentiary hearing on November 21, December 6, and December 15, 2016. On January 10, 2017, the Court entered an order adjudicating the parties'

---

[1] The Court retained jurisdiction over disputes related to the settlement agreement through April 13, 2017. (Doc. No. 804).

disputes. Because that order quoted from and cited to the settlement agreement that had been sealed, the Court issued its order under seal. (Doc. No. S-853).

## II. Motion to Unseal Order

Bennett moves the Court to unseal the January 10, 2017 order, because he believes the contents may be helpful to his related state court litigation against Plaintiffs. While the Court doubts that the order will be useful to Bennett, the Court agrees with Bennett that Plaintiffs have not shown that extraordinary circumstances warrant the sealing of the order.

The court in Wilson v. American Motors Corporation, 759 F.2d 1568, 1570 (11th Cir. 1985), stated that the starting point for determining whether to seal parts of the record is the "proposition that, absent some exceptional circumstances, [court proceedings] are public proceedings." The Wilson court also stated the following:

> There is no question that a common law right of access exists as to civil proceedings. What transpires in the courtroom is public property. . . . [A party's] desire to prevent the use of [a] trial record in other proceedings is simply not an adequate justification for its sealing. . . . Although we must examine the reason why [sealing or unsealing] is sought, the real focus of our inquiry is on the rights of the public in maintaining open records and the check[ ] on the integrity of the system insured by that public access. Therefore, we conclude that . . . litigants do not have the right to agree to seal what were public records. The district court must keep in mind the rights of a third party—the public, if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.

Id. at 1570–71 (quotation marks and internal citations omitted). The Wilson court concluded that the proper standard to be applied is the following: "where . . . the [court] attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest."

2

Id. at 1571 (quotation marks and citation omitted).

As explained by the court in Romero v. Drummond Co., Inc., 480 F.3d 1234 (11th Cir. 2007):

> The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential. [W]hether good cause exists . . . is . . . decided by the nature and character of the information in question. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. at 1246 (quotation marks and citations omitted).

Upon consideration, the Court agrees with Bennett that Plaintiffs have not shown a compelling interest that necessitates the sealing of the Court's order. Furthermore, "[i]t is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties." Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). Furthermore, "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Id. Accordingly, the Court grants Bennett's motion to unseal the Court's January 10, 2017 order.

**III. Conclusion**

Based on the above, it is ORDERED AND ADJUDGED that:

(1) Bennett's Motion to Unseal Order (Doc. No. 867) is **GRANTED**.

(2) The Clerk is directed to unseal the Court's January 10, 2017 order (Doc. No.

853).

**DONE AND ORDERED** at Tampa, Florida, this 11th day of April, 2017.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

4