UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS, LLC,
ET AL.,

    Plaintiffs,

v.                                          Case No. 8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Emergency Motion for Reconsideration. (Doc. No. 869). Defendants oppose the motion. (Doc. No. 879). As explained below, the motion is denied.

**I. Background**

On April 13, 2015, after several days of trial, the parties entered into a settlement agreement wherein the Court agreed to retain jurisdiction for two years.[1] The settlement agreement provided for a specific dispute resolution process/protocol relating to disputes that might arise during those two years relating to the settlement agreement. On July 15, 2015, pursuant to the dispute resolution protocol, Plaintiffs sent Defendants a letter notifying them of alleged breaches of the settlement agreement. Unable to resolve the disputes, the parties requested a mediation of their disputes with Magistrate Judge Porcelli. When the mediation impassed, this Court held an evidentiary hearing on November 21, December 6, and December 15, 2016. On January 10, 2017, the Court entered an order adjudicating the parties' disputes. In

---

[1] The Court retained jurisdiction over disputes related to the settlement agreement through April 13, 2017. (Doc. No. 804).

the Order, the Court found, among other things, that Plaintiffs' act of hiring the parties' escrow agent (John Jorgensen) as their expert following the settlement of the case created a conflict such that John Jorgensen could not be forced to continue as the escrow agent, and Defendants were unable to comply with their obligations under Section 7(b)(1) of the settlement agreement to turn over certain data to the escrow agent because there was no escrow agent.

The Court gave the parties three options regarding the escrow provision of the settlement agreement, and the parties have chosen Option 3, even though the Court stated in its order that Option 3 did not seem practical because the two-year term of escrow provided in the settlement agreement would expire in three months. Option 3 provides the following:

> Defendants can identify and select a new escrow agent that meets with Plaintiffs' approval. The reasonable costs of identification and selection of the escrow agent to be borne by Plaintiffs, the party that created the problem. Thereafter, the parties will both equally share the escrow costs.

(Doc. No. 853). The Court also stated the following: "no later than 7 days after an escrow agent has been selected and an escrow agreement has been executed, Defendants must turn over all materials that must be escrowed under the settlement agreement." (Doc. No. 853).

The parties agreed on a new escrow agent, but they are not able to agree on the terms of an escrow agreement. As a result, Plaintiffs filed a motion for clarification, in which they asked the Court to clarify the Court's January 10, 2017 order and state that Plaintiffs have the right to inspect the escrowed materials and that such a provision must be included in the parties' new escrow agreement. On March 29, 2017, the Court entered an order on the motion for clarification and denied Plaintiffs' implicit request to create an escrow agreement for the parties. (Doc. No. 868). Additionally, Plaintiffs sought, and the Court denied, an extension to the

Court's retention of jurisdiction. In response to the Court's March 29, 2017 order, Plaintiffs filed the instant motion for reconsideration and request for oral argument.

## II. Motion for Reconsideration

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Plaintiffs argue that their motion is based on the need to prevent manifest injustice.

Upon review of Plaintiffs' motion, the Court finds that it should be denied, as Plaintiffs are merely attempting to refute the basis for the Court's earlier decision. As previously stated, Plaintiffs' conduct of hiring Jorgensen resulted in the need for a new escrow agreement, so Plaintiffs cannot be heard to complain about the consequences of their own actions. Additionally, Plaintiffs waited more than a year—until July 15, 2015—before initiating the resolution of this dispute over the escrowing of materials. The period during which the Court has retained jurisdiction is about to end, and the Court is unwilling to extend its jurisdiction without the consent of both parties.

The Court notes that Plaintiffs have requested oral argument on this motion. However, the Court's schedule does not permit oral argument this week. In addition, the Court believes that oral argument is unnecessary, as the Court has all of the information that it needs to rule on the motion.

Finally, the Court notes that Defendants have requested an award of fees and costs

incurred in responding to this motion. Upon consideration, the Court concludes that an award of fees and costs is not warranted.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Reconsideration (Doc. No. 869) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of April, 2017.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge