UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMAN DATA SYSTEMS, LLC,
ET AL.,

    Plaintiffs,

v.                                              Case No. 8:12-cv-2580-T-24 EAJ

MARC S. SCHESSEL, ET AL.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Non-Party Todd Bennett's motion to unseal the settlement agreement. (Doc. No. 876). While Defendants do not appear to oppose the motion, Plaintiffs have filed a response in opposition (Doc. No. 886). Both Plaintiff and Bennett have filed supplemental briefs at the Court's request. (Doc. No. 891, 894). As explained below, Bennett's motion to unseal the settlement agreement is granted.

## **I. Background**

On April 13, 2015, after several days of trial, Plaintiffs and Defendants entered into a settlement agreement wherein the Court agreed to retain jurisdiction for two years. (Doc. No. S-770). The settlement agreement provided for a specific dispute resolution process/protocol relating to disputes that might arise during those two years relating to the settlement agreement. The parties requested that the settlement agreement be filed under seal, and on April 13, 2015, the Court ordered that the settlement agreement be filed under seal. (Doc. No. 771).

The Court retained jurisdiction over disputes related to the settlement agreement through April 13, 2017. (Doc. No. 804). That two-year period has expired, and the Court no longer has jurisdiction over the enforcement of the settlement agreement.

**II. Motion to Unseal Settlement Agreement**

Bennett moves to unseal the settlement agreement entered into by Plaintiffs and Defendants. Plaintiffs argue that the settlement agreement should remain under seal, because the parties agreed to its confidentiality and Plaintiffs contend that it "contains sensitive and proprietary information regarding the subject matter of the underlying litigation." (Doc. No. 891, p. 1).

Local Rule 1.09(a) also provides the following with regard to the sealing of settlement agreements: "No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect themselves."[1] The Court directed the parties to provide supplemental briefing on the issue of whether extraordinary circumstances exist that warrant the continued sealing of the settlement agreement. The Court required this information in order to balance the competing interests of Plaintiffs and Bennett. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001).

Plaintiffs argue that extraordinary circumstances exist, because unsealing the settlement agreement would "[r]eveal[] that Plaintiffs' sensitive materials must be returned [which] implies that they were wrongfully taken in the first place, and public access [to the settlement agreement] would therefore carry competitive and reputational risk, particularly in the highly competitive

---

[1] The Eleventh Circuit gives great deference to a court's interpretation of its own local rules. See Pope v. Pilgrims Pride Corp., 250 Fed. Appx. 282, 283 (11th Cir. 2007).

2

healthcare data processing industry." (Doc. No. 891, p. 2). Plaintiffs further contend that "[t]hey are in a competitive healthcare data processing marketplace, and their success lies primarily on their unique and proprietary intellectual property, and their ability to protect that property. They receive highly confidential and unique data from customers that is processed through Plaintiffs' proprietary enrichment process." (Doc. No. 891, p. 3). The Court rejects the argument that there are extraordinary circumstances that warrant the continued sealing of the settlement agreement.

The "highly confidential" data that Plaintiffs receive from their healthcare customers relates to the supplies that these customers purchase; there is no exchange of confidential patient information that would need to be kept confidential. Furthermore, any of Plaintiffs' customers that looked at the public filings in this case would be able to discern that Plaintiffs contend that its confidential materials were taken and that they entered into a settlement agreement regarding the materials with Defendants. Thus, keeping the settlement agreement under seal will not prevent the ability of Plaintiffs' customers to discern Plaintiffs' belief that Defendants took their confidential materials.

Given Plaintiffs failure to show that extraordinary circumstances exist that warrant the continued sealing of the settlement agreement, the Court finds that the balance no longer weighs in favor of sealing. At best, Plaintiffs' interests in keeping the settlement agreement under seal are no greater than Bennett's interests in having access to the settlement agreement. Accordingly, the Court finds that continued sealing of the settlement agreement is not warranted.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Bennett's motion to unseal the settlement agreement (Doc. No. 876) is

**GRANTED**.

(2)  The Clerk is directed to unseal the settlement agreement, which is filed at Doc. No. S-770).

**DONE AND ORDERED** at Tampa, Florida, this 16th day of May, 2017.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

4